QUINTANA HERMANOS & CO., DEMANDANTES Y APELANTES, *v.*
S. RAMÍREZ & CO. ET AL., DEMANDADOS Y APELADOS.

Apelación procedente de la Corte de Distrito de Humacao en causa sobre tercería de bienes muebles.

No. 1263.—Resuelto en julio 12, 1915.

REGISTRO MERCANTIL—INSCRIPCIÓN—PERSONALIDAD JURÍDICA—TERCERO.—La inscripción no crea la personalidad jurídica, sino que determina la necesidad de su reconocimiento por un tercero.

SOCIEDADES MERCANTILES—COMPARECENCIA EN JUICIO—TERCEROS—INSCRIPCIÓN EN EL REGISTRO MERCANTIL.—Como regla general, de acuerdo con la ley y la jurisprudencia, para que una sociedad mercantil en Puerto Rico pueda comparecer en juicio y hacer valer con éxito sus derechos contra terceros, es necesario que esté constituída por escritura pública y que la escritura aparezca inscrita en el registro mercantil, aun cuando la falta de inscripción no implica necesariamente que la sociedad no exista.

ID.—EMBARGO—EMBARGO DE PARTICIPACIÓN EN LA SOCIEDAD—ESTOPPEL—REGISTRO MERCANTIL.—Cuando un acreedor, basándose precisamente en la escritura social de una sociedad mercantil, embarga la participación de su deudor en la expresada sociedad, queda luego impedido (*estopped*) de negarse a reconocer su existencia, aun cuando no esté inscrita en el registro mercantil.

SENTENCIA—DEBER DEL TRIBUNAL SUPREMO.—Según prescribe el artículo 306 del Código de Enjuiciamiento Civil, tal como fué enmendado en 1906 (Leyes de 1906, pág. 65), en casos como el presente, no debe esta corte limitarse a revocar la resolución apelada, sino que debe dictar la sentencia que debió haber dictado el tribunal inferior.

INTERPRETACIÓN DE LEY—DEROGACIÓN DE LEYES—CÓDIGO DE ENJUICIAMIENTO CIVIL—CÓDIGO DE COMERCIO.—El artículo 246 del Código de Enjuiciamiento Civil que prescribe que podrán embargarse las acciones y participación en cualquier corporación o compañía, no deroga las disposiciones del 174 del Código de Comercio, pues ambos artículos pueden armonizarse sin dificultad.

SOCIEDADES MERCANTILES—ACREEDORES DE LOS SOCIOS—INTROMISIÓN EN EL SENO DE LA SOCIEDAD—VIDA DE LA SOCIEDAD.—El acreedor de un socio tenía antes de la vigencia del Código de Enjuiciamiento Civil, como tiene ahora, medios

legales para asegurar su crédito en la participación que pueda corresponder al socio en el capital de la compañía, pero ni antes autorizaba ni autoriza ahora la ley a un acreedor de un socio para, con el objeto de asegurar su crédito, introducirse en el seno de la sociedad, señalar él mismo, de acuerdo con el contrato ·social, la participación del socio, extraer bienes de la sociedad, iguales en valor al de la indicada participación, y entregarlos en depósito a una persona distinta, pudiendo destruir así, prácticamente, la vida de la sociedad.

Id.—Bienes del Capital Social—Deudas Particulares de los Socios.—Los bienes de todas clases que los socios aportan a una compañía mercantil para constituir su capital social, pasan a ser del dominio exclusivo de la compañía, sin que puedan destinarse a cubrir atenciones particulares de los socios, mientras aquélla no se liquida y queden satisfechas sus obligaciones.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Carlos Travecier.*

Abogados de los apelados: *Sres. Aponte & Aponte.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un caso sobre tercería de bienes muebles. Los hechos ocurrieron del siguiente modo:

S. Ramírez y Cía., una sociedad mercantil con su oficina principal en San Juan, P. R., embargó ciertas mercaderías a los efectos de asegurar la efectividad de la sentencia que pudiera dictarse en cierto pleito que seguía contra Domingo Quintana Colón, en cobro de pesos. Practicado el embargo, la sociedad mercantil Quintana Hermanos y Cía., siguiendo el procedimiento especial marcado en la ley sobre tercerías (Leyes de 1907, pág. 308 y siguientes), reclamó como suyos los bienes embargados. La demanda de Quintana Hermanos y Cía., se formuló finalmente, en resumen, así:

1. Que la demandante es una sociedad mercantil constituída por escritura pública inscrita en el Registro Mercantil de San Juan, teniendo su domicilio en el pueblo de Yabucoa. 2. Que el 8 de julio de 1913 en cierto procedimiento seguido ante la Corte de Distrito de Humacao por *S. Ramírez y Cía. et al.* v. *Domingo Quintana Colón y Carlos Benítez Santana,* en cobro de dinero, el márshal de la corte em-

bargó por designación de la demandante como de la propiedad de Domingo Quintana los bienes que se especifican. (Consisten en sacos de harina, azúcar, arroz, etc., etc.). 3. Que los bienes relacionados pertenecían en 9 de julio de 1913 y pertenecen hoy a la mercantil demandante, hecho que conocía la mercantil demandada. 4. Que la mercantil demandante no ha vendido dichos bienes a Domingo Quintana, ni a ninguna otra persona. 5. Que los referidos bienes tienen un valor de $1,036.

La mercantil S. Ramírez y Cía., contestó la demanda, en resumen, así:

1. Niega todas y cada una de las alegaciones y hechos de la demanda. 2. Como materia nueva constitutiva de oposición a la demanda, alega que Quintana Hermanos y Cía. es una sociedad mercantil cuya escritura de constitución no ha sido inscrita en el registro mercantil, de Puerto Rico, ni lo estaba en el mes de julio de 1913. Y que la referida sociedad no tiene capacidad para demandar ni para interponer el presente procedimiento de tercería.

Con tales alegaciones como base, se celebró el juicio el día 15 de mayo de 1914, comprobándose en el mismo que el embargo de que se trata fué practicado por el márshal a los efectos de cumplir cierta orden de aseguramiento de sentencia, previa designación de bienes hecha por S. Ramírez y Cía. del siguiente modo:

"Distrito Judicial de Humacao. En la Corte de Distrito. *S. Ramírez & Cía.* v. *Domingo Quintana Colón* y *Carlos Benítez Santana.* Demandados. Cobro de dinero. Al Márshal del Distrito Judicial de Humacao, P. R. Señor: Los demandantes en este caso S. Ramírez & Cía., designan como bienes que deberá Vd. embargar para asegurar la efectividad de la sentencia que pueda recaer en el caso arriba titulado, existencias de la mercantil Quintana Hermanos & Co. S. en C. hasta el valor de mil dollars que es el haber social que tiene el demandado Domingo Quintana Colón en dicha mercantil. Humacao, P. R. Julio 8 de 1913. F. Ramírez de Arellano, por Aponte & Aponte, abogados de los demandados."

La diligencia de embargo es como sigue:

"Yo, Augusto Ortiz, Márshal de la Corte de Distrito del Distrito Judicial de Humacao, P. R.   Certifico: Que recibí la anterior orden de aseguramiento para la efectividad de la sentencia que pueda recaer en el caso arriba titulado el día ocho de julio de 1913 y que cumplimenté la misma el mismo día trasladándome a Yabucoa donde tiene su domicilio el demandado Domingo Quintana Colón, y le notifiqué dicha orden entregándole y dejando en su poder copia fiel y exacta de ella y requiriéndole para que pagase a la sociedad demandante S. Ramírez y Compañía la cantidad de novecientos sesenta dollars setenta centavos ($960.70); y no habiendo pagado dicha cantidad ni prestado fianza, procedí por designación de la mercantil demandante S. Ramírez & Cía., a embargar por valor de mil dollars, que es el haber social de dicho demandado Domingo Quintana Colón en la mercantil Quintana Hermanos y Compañía S. en C., según consta de la escritura de constitución de sociedad otorgada en Humacao, digo en abril del corriente año ante el Notario de Humacao Francisco González Fagundo, existencias de la mercantil mencionada hasta cubrir dicha suma.   Lo embargado se describe en la forma siguiente: 82 s/ harina 'Minnesotta,' $410; 8 *id.* azúcar central 2ª., $65; 10 *id.* arroz canilla T. P. R. F. C., $40; 13 *id.* jamones 304, $52; 33 cajas de gas 'Estrella' y 9 *id. id.* 'Castillo,' $68; 22 *id.* de vino 'Medoc,' $70; 45 potes de una @ óxido de hierro, $135; 9 potes blanco zinc, $11.25; 8 tercios ron viejo 50 gs., $70; 1 *id.* vino clarete, $35; 2 romanas, $40; 8 cajas cigarrillos, $40; total $1,036.25. Dichos efectos los deposité en poder de los Sres. Méndez Hermanos y Co. por designación de los demandantes a los Sres. Méndez Hermanos y Compañía le fueron entregados dichos artículos en perfecto estado y les advertí las responsabilidades que apareja el cargo de depositario de efectos embargados y que no los entregasen a ninguna persona sin autorización judicial.   Yabucoa, 9 de julio de 1913. Augusto Ortiz, márshal de distrito, por Rafael Más, sub-márshal.''

La parte demandada, S. Ramírez & Cía., aceptó, en el acto del juicio, "que la razón 'Quintana Hermanos y Cía.,' es una sociedad mercantil en comandita,'' probando la dicha demandada S. Ramírez y Cía., por medio de certificación expedida por el Registrador de la Propiedad de San Juan, que Quintana Hermanos y Cía., ni cuando estableció la de-

manda, ni antes, ni después, figuraba inscrita en el registro mercantil.

Aceptando la verdad de tales hechos, la Corte de Distrito de Humacao, por sentencia de 3 de julio de 1914, declaró sin lugar la demanda, basándose en que por no hallarse inscrita en el registro mercantil la sociedad demandante, carecía de personalidad para interponerla.

Contra la indicada sentencia se apeló para ante esta Corte Suprema alegándose que la corte sentenciadora cometió dos errores fundamentales, a saber:

1. Al declarar que Quintana Hermanos y Cía., carecía de personalidad para establecer la demanda de tercería, y

2. Al no dictar sentencia en favor del demandante, con infracción del artículo 174 del Código de Comercio.

Procederemos al examen de ambos errores, que se refieren en verdad a las dos únicas cuestiones fundamentales envueltas en este caso.

La parte apelada sostiene en su alegato "que de acuerdo con los artículos 119 y 17 del Código de Comercio, es requisito indispensable para que una compañía de comercio pueda tener personalidad, que inscriba previamente en el registro mercantil la escritura de su constitución, y la sentencia del Tribunal Supremo de España de 8 de mayo de 1885 (57 Jurisprudencia Civil, 723), resuelve de plano el asunto, al tratar, precisamente, de una tercería interpuesta por una sociedad mercantil no inscrita en el registro."

Los artículos del Código de Comercio invocados por el apelado, son así:

17. "La inscripción en el Registro mercantil será potestativa para los comerciantes particulares, y obligatoria para las sociedades que se constituyan con arreglo a este Código o a las leyes especiales, y para los buques."

119. "Toda compañía de comercio, antes de dar principio a sus operaciones, deberá hacer constar su constitución, pactos y condiciones, en escritura pública que se presentará para su inscripción en el registro mercantil, conforme a lo dispuesto en el artículo 17.

"A las mismas formalidades quedarán sujetas, con arreglo a lo dispuesto en el artículo 25, las escrituras adicionales que de cualquiera manera modifiquen o alteren el contrato primitivo de la compañía.

"Los socios no podrán hacer pactos reservados, sino que todos deberán constar en la escritura social."

Y la sentencia del Tribunal Supremo de España, también invocada por el apelado establece la siguiente doctrina:

"Que al estimar la sala sentenciadora la tercería interpuesta con motivo del embargo ejecutado, fundando su fallo en el artículo 296 del Código de Comercio, infringe los artículos del propio Código invocados en el recurso, y principalmente el 28 en su relación con el 22 y el 25, porque la sociedad tercerista no pudo tener existencia legal ni ampararse en la sanción del artículo citado para demandar derechos contra un tercero antes de estar inscrita en el registro general de la provincia la escritura social; y no habiéndose realizado este acto hasta el 20 de junio de 1882, mientras que el embargo por virtud de juicio ejecutivo se decretó el 10, se intentó el 12 sin resultado y se ejecutó al fin el 13 del citado mes, es evidente que la escritura social confeccionada en el tiempo intermedio de estas dos últimas fechas, anteriores a su registro, no pudo servir de obstáculo al embargo, ni invalidarlo después."

A los efectos de fijar el alcance de la jurisprudencia y de los preceptos de ley invocados, es necesario analizar los hechos que sirvieron de base a la sentencia del Tribunal Supremo de España de 8 de mayo de 1885 y estudiar los artículos 17 y 119 del Código de Comercio en relación con el 24 del propio cuerpo legal.

Por virtud de la sentencia de 8 de mayo de 1885 se revocó por el Tribunal Supremo español la dictada por la sala de lo civil de la Audiencia de la Habana el 6 de junio de 1884. Para penetrarse de las circunstancias que concurrieron en dicho caso, basta transcribir las infracciones alegadas por el apelante en el recurso de casación declarado con lugar por el Supremo de España, a saber:

"1º. Los artículos 285 y 288 del Código de Comercio, por cuanto la sentencia recurrida da fuerza y vigor contra tercero al contrato de sociedad verificado por documento privado y con carácter parti-

cular antes de la escritura de 12 de junio de 1882 por los Sres. Fernández Gómez, Roldán y Presno, al efecto de hacer entrar en la masa o fondo social el capital perteneciente al primero de éstos, contra el que se había ya despachado (10 de junio) e intentado (12 del mismo mes) ejecución por 7,000 pesos:

"2°. Los artículos 22, 25 y 28 y sus concordantes del mismo Código de Comercio, por cuanto la sentencia recurrida da fuerza y vigor a la escritura de 12 de junio de 1882 para los efectos públicos y contra tercero antes de haber sido registrada, requisito que no se cumplió hasta el 20 de julio, o sea siete días después de haber sido embargados los bienes de la quincallería de la calle de Cuba, como de propiedad de Don Angel Fernández Gómez."

El artículo 24 del Código de Comercio, a que antes nos referimos, es como sigue:

"Las escrituras de sociedad no registradas surtirán efecto entre los socios que las otorguen; pero no perjudicarán a tercera persona, quien, sin embargo, podrá utilizarlas en lo favorable."

En la obra "Códigos de Comercio españoles y extranjeros" escrita por los Señores Manzano, Bonilla y Miñana, en el tomo 2, pág. 49, se dice que "la inscripción no crea la personalidad jurídica, sino que determina la necesidad de su reconocimiento por un tercero." Y en el mismo tomo, pág. 110, se consigna lo que sigue:

"Ya hemos dicho anteriormente que la compañía mercantil, en el sentido de persona colectiva, nace del contrato de sociedad mercantil; y más adelante ampliaremos esta materia, al tratar de las sociedades. Por ahora advertiremos que el mismo artículo 24 declara la validez de las escrituras sociales no inscritas, en cuanto ordena que surtan efecto entre los socios que las otorguen. Válido el contrato, existirá jurídicamente la persona colectiva que de él resulta, y serán válidos también los actos por ella celebrados."

Galindo, comentando el artículo 2 de la Ley Hipotecaria, tomo 1, página 347, de su bien conocida obra sobre la materia, se expresa así:

"Según el artículo 17 del Código de Comercio, es obligatoria la inscripción de las sociedades mercantiles en el registro mercantil; pero no está resuelto si la infracción de ese precepto es falta que im-

pida se inscriban en el de la propiedad las escrituras de adquisición de bienes y las de enajenación de los mismos, verificada por una sociedad que no acredita haber cumplido tal requisito.

''Nos inclinamos a creer que tal falta no es de las comprendidas en el artículo 65 de la ley, y nos fundamos en que, si bien está prohibido a las sociedades dar principio a sus operaciones sin la previa inscripción en el registro mercantil, el artículo 24 del mismo Código declara que las escrituras de sociedad no registradas surten efecto entre los socios, pero no perjudicarán a tercero, quien, sin embargo, puede utilizarla en lo favorable.

''De donde rectamente se infiere que la condición de las sociedades, no inscritas en el registro mercantil, es ante el derecho desventajosa; pero tienen personalidad jurídica con relación a terceros, por lo cual será inscribible la escritura, ya sea de adquisición o ya de enajenación.''

Habiendo en consideración todo lo expuesto, es necesario concluir que, como regla general, de acuerdo con la ley y la jurisprudencia, para que una sociedad mercantil en Puerto Rico pueda comparecer en juicio y hacer valer con éxito sus derechos contra terceros, es necesario que esté constituída por escritura pública y que la escritura aparezca inscrita en el registro mercantil, aun cuando la falta de inscripción no implica necesariamente que la sociedad no exista.

En el presente caso es un hecho evidente que la sociedad demandante se constituyó por escritura pública con anterioridad al embargo practicado a instancias de la demandada, pero lo es también el de que la escritura de su constitución no se inscribió en el registro mercantil. En tal virtud, aplicando la regla general expuesta, procedería la confirmación de la sentencia apelada. Mas concurren también en este caso circunstancias especiales que el juzgador no puede omitir de considerar a los efectos de dictar el fallo que proceda en justicia.

·No se trata aquí del embargo de bienes a una persona determinada que son reclamados luego por otra entidad distinta. Ramírez & Cía. no embargó bienes en poder de su deudor, sino que, basándose precisamente en la escritura social

de Quintana Hermanos & Cía., S. en C., embargó la participación de su deudor en la expresada sociedad, y está, por tanto, impedida (*estoppel*) de negarse ahora a reconocer su existencia.

Ramírez & Cía. se aprovechó y pudo aprovecharse perfectamente, de acuerdo con el artículo 24 del Código de Comercio, de la escritura social de Quintana Hermanos y Cía., S. en C., aun cuando no estuviera inscrita en el registro mercantil, a los efectos de fijar el montante de la participación de su deudor en dicha sociedad, pero Ramírez y Cía. no puede a la vez reconocer y destruir la existencia de Quintana Hermanos y Cía., S. en C., como veremos más adelante.

Habiéndose cometido por la corte de distrito el primero de los errores señalados, pasaremos al estudio del segundo, ya que, según prescribe el artículo 306 del Código de Enjuiciamiento Civil, tal como fué enmendado en 1906, Leyes de 1906, página 65, en casos como el presente no debe esta corte limitarse a revocar la resolución apelada, sino que debe dictar la sentencia que debió haber dictado el tribunal inferior.

Sostiene la parte apelante que de acuerdo con el artículo 174 del Código de Comercio, la sociedad demandada no pudo embargar, en la forma en que lo hizo, las existencias de Quintana Hermanos y Cía. en una suma igual al haber del socio Domingo Quintana para asegurar la efectividad de la sentencia que pudiera dictarse en un pleito que la dicha sociedad demandada seguía contra el indicado Quintana.

Y sostiene la parte apelada que aun cuando el artículo 174 del Código de Comercio pudiera interpretarse como pretende la parte apelante, tal artículo no tiene aplicación porque fué implícitamente derogado por el 246 del Código de Enjuiciamiento Civil.

Dicho artículo 246 prescribe que podrán embargarse "las acciones y participación en cualquier corporación o compañía," y a nuestro juicio no deroga las disposiciones del 174 del Código de Comercio. Opinamos, por el contrario, que ambos artículos pueden armonizarse sin dificultad.

Es indudable que tanto antes como ahora el acreedor de un socio de una compañía mercantil de cualquier clase que fuere, tenía y tiene medios legales para asegurar su crédito en la participación que pueda corresponder al socio en el capital de la compañía. Pero ni antes autorizaba ni autoriza ahora la ley a un acreedor de un socio para, con el objeto de asegurar su crédito, introducirse en el seno de la sociedad, señalar él mismo, de acuerdo con el contrato social, la participación del socio, extraer bienes de la sociedad iguales en valor al de la indicada participación y entregarlos en depósito a una persona distinta, pudiendo destruir así, prácticamente, la vida de la sociedad.

La sociedad es una persona jurídica distinta de las personas naturales de los socios que la forman. Tal persona jurídica tiene, de acuerdo con la ley, sus derechos y sus obligaciones y uno de esos derechos consiste en adquirir, poseer y disfrutar bienes materiales. Los bienes adquiridos por la sociedad a la sociedad pertenecen y no individualmente a ninguno de los socios. Los socios tienen un interés en el capital social, pero tal interés sigue el destino de la sociedad. Sólo cuando ésta se disuelva y liquide, es que los socios adquirirán individualmente para sí lo que les corresponda.

El Tribunal Supremo de España en un pleito precisamente sobre tercería seguido por William Henry Redding con Mateo Chomat, procedente de la Isla de Cuba, en sentencia de 12 de julio de 1883, 52 Jurisprudencia Civil, 467, estableció la siguiente doctrina aplicable enteramente a este caso:

"1º. Que los bienes de todas clases que los socios aportan a una compañía mercantil para constituir su capital social pasan a ser del dominio exclusivo de la misma compañía sin que puedan destinarse a cubrir atenciones particulares de los socios mientras aquélla no se liquide y queden satisfechas sus obligaciones;

"2º. Que según el artículo 296 del Código de Comercio, los acreedores particulares de un socio no pueden extraer de la masa social, por virtud de sus créditos, los fondos que en ella tenía su deudor, y sólo les será permitido embargar la parte de intereses que puedan

corresponder a éste en la liquidación de la sociedad, para percibirla en el tiempo en que el deudor podría hacerlo;

"Y 3°. Que la tercería de dominio es el recurso que autoriza la ley para que se alce y deje sin efecto el embargo de bienes que no pertenecen al ejecutado."

Y la jurisprudencia de los tribunales americanos se expresa en el mismo sentido.   Véanse las siguientes citas:

"Todas las deudas de una sociedad deberán ser satisfechas con bienes de la sociedad antes de que ninguna porción de los mismos pueda ser aplicada al pago de las deudas particulares de los socios; y los acreedores de la sociedad tienen preferencia sobre los acreedores de los socios individualmente en el pago de sus deudas con bienes de la sociedad o dinero de la misma sin que sea necesario tener en cuenta la prioridad de los derechos adquiridos por embargo." *Whelan* v. *Shain*, 115 Cal., 326.

"La cuestión fué presentada al Juez Sr. Story en un caso en el cual seguida una acción contra G. & G., el depositario de los fondos contestó que era deudor de G. & L., siendo uno de los demandados socio de ambas mercantiles.   La corte al resolver respecto a la responsabilidad del depositario, hizo las siguientes observaciones: 'Para que pueda declararse que el depositario es responsable en este caso, tiene que resolverse que los fondos de una sociedad pueden ser aplicados al pago de las deudas contraídas por otra sociedad, por la mera prueba de que el deudor principal tiene interés en cada una de las sociedades.'   Si esto fuera correcto, tendría que deducirse que un acreedor particular de un socio tendrá mayores derechos en equidad y en ley que los que tiene el mismo socio.   Indudablemente que la regla general es que la participación de cada socio en el fondo social es solamente la que queda después que han sido arregladas las cuentas de la sociedad; y a menos que resulte de estas cuentas que el socio es un acreedor de los fondos, no tiene derecho a nada.   Lo mismo sucede si la sociedad es insolvente. *Lyndon* v. *Gorham*, 1 Gall., 367." *Sheedy* v. *Second National Bank*, 62 Mo., 17; 21 Am. Rep., 410.

"La participación en los bienes de una sociedad que está sujeta al pago de las deudas particulares de cada socio, es aquella que cada uno tiene en dichos bienes en el estado en que se encuentren después de arregladas las cuentas de la misma y de haber sido satisfechas las deudas de los acreedores de la sociedad." *Winston* v. *Ewing*, 1 Ala., 129; 34 Am. Dec., 768.

Por virtud de todo lo expuesto, debe revocarse la sentencia apelada y en su lugar dictarse otra declarando con lugar la demanda y en su consecuencia decretando que los bienes embargados son de la propiedad de la demandante y ordenando que se cancele el embargo trabado sobre ellos a instancia de la sociedad demandada, reservando a ésta los derechos que puedan corresponderle de acuerdo con la ley, sin especial condenación de costas.

> *Revocada la sentencia apelada y declarada con lugar la demanda.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.