Fonalledas, Peticionario, *v.* Corte de Distrito de San Juan, Primer Distrito, Demandada.

No. 444.—*Visto:* Marzo 3, 1924. *Resuelto:* Abril 23, 1924.

Filiación—Aseguramiento de Sentencia en Pleitos de Filiación.—En pleitos de filiación la parte demandante puede obtener el aseguramiento de la sentencia que pudiera recaer a su favor.

Id.—Administración Judicial de Bienes Embargados para Asegurar la Sentencia—Sociedad Mercantil; Administración Judicial de.—Es nula una orden decretando la administración judicial de bienes embargados para asegurar la efectividad de sentencia cuando el peticionario no alegó ni probó que los bienes corrían los riesgos a que se refiere la sección 12 de la Ley sobre aseguramiento de sentencia; con tanto más motivo en el presente caso en que no se exigió la fianza que dispone dicha sección y que además la orden habría de tener el efecto de darle facultades al administrador para intervenir en la gestión de una sociedad mercantil representando a un socio fallecido, cuya intervención es contraria a los principios establecidos en el caso de *Quintana Hermanos* v. *Ramírez,* 22 D. P. R. 770.

Certiorari para revisar órdenes de *Charles E. Foote,* J. (Primer Distrito, San Juan), una decretando un embargo y la otra constituyendo una administración judicial. *Declarada válida la primera, y nula la segunda.*

*Antonsanti & La Costa,* abogados del peticionario; *M. Tous Soto* y *V. M. Fernández,* abogados de la parte contraria.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Se trata de una petición de *certiorari* para revisar una orden de embargo y el nombramiento de administrador judicial en una demanda sobre filiación y en la que además se solicita la entrega de bienes, se declare a los demandantes herederos de su causante y se condene a los demandados a que rindan cuentas de los frutos percibidos.

La corte inferior decretó el embargo para asegurar las resultas del juicio y nombró un administrador judicial para hacerse cargo de todos los bienes de cualquier clase propiedad del supuesto causante, autorizándole a ejercer con respecto a dichos bienes, todos los actos de carácter administrativo que fueran necesarios y así retenerlos a disposición de dicha corte.

El peticionario se queja de que la corte inferior no tuvo

poder para decretar el embargo ni tampoco acordar la administración judicial de los bienes embargados.

Según se desprende de la petición, parece que el peticionario entiende restringido el sentido de la sección 1ª de la ley para asegurar la efectividad de sentencias, aprobada en marzo 1º de 1902, de modo que el embargo preventivo sólo pueda utilizarse para asegurar el pago de deudas.

A pesar de que nuestra ley sobre efectividad de sentencias, *supra,* tiene su origen en la Ley de Enjuiciamiento Civil española, es lo cierto que nuestra legislatura introdujo importantes modificaciones en dicha ley. En la antigua ley, para asegurar las resultas del juicio, se acudía al embargo preventivo cuando se demandaba el pago de una deuda en metálico o en especie, artículo 1399, Ley de Enjuiciamiento Civil española, pero cuando se demandaba la propiedad de bienes inmuebles, o la constitución, declaración, modificación o extinción de cualquier derecho real, se anotaba la demanda en el registro. Artículo 42 de la Ley Hipotecaria. También quedaba previsto el caso en las reclamaciones de obligaciones de hacer, o de no hacer, o de la entrega de cosas específicas, en las que se podrán adoptar por el juez las medidas que según las circunstancias fueren necesarias para asegurar la efectividad de la sentencia que en el juicio recayere. Artículo 1428 del mismo cuerpo legal, *supra.*

Pero en nuestra ley sobre embargos preventivos se han refundido todas aquellas previsiones y se le ha dado un sentido a la palabra "obligación" en consonancia con la definición que de la misma nos expresa el artículo 1055 del Código Civil Revisado. Este artículo dice:

"Art. 1055.—Toda obligación consiste en dar, hacer o no hacer alguna cosa."

Este artículo tiene su complemento en el subsiguiente artículo, que dice lo siguiente:

"Art. 1056.—Las obligaciones nacen de la ley, de los contratos

y cuasi contratos, y de los actos y omisiones ilícitos o en que intervenga cualquier género de culpa o negligencia.''

Y siguiendo aquella definición y para ser congruente con la misma, la ley para la efectividad de sentencias, aprobada en marzo 1º de 1902, dispone en sus secciones 1ª y 2ª lo siguiente:

''Sec. 1.—Toda persona que demandare en juicio el cumplimiento de una obligación, podrá obtener una resolución del tribunal que conociere de la demanda, adoptando las medidas procedentes, según los casos, para asegurar la efectividad de la sentencia que haya de dictarse en el caso de prosperar la acción ejercitada.

''Sec. 2.—El aseguramiento de la sentencia se ajustará a las reglas siguientes:

''(a) Si la obligación reclamada fuere de dar cosa determinada poseída por el demandado o por un tercero a su nombre, se prohibirá al demandado, o al tercero, en su caso, la enajenación o gravamen de la cosa reclamada, hasta la resolución del pleito.

''(b) Si la obligación fuere de pagar una suma de dinero, el aseguramiento consistirá en el embargo de bienes bastantes del deudor para responder de las sumas reclamadas.

''(c) Si la obligación fuere de hacer, se embargará al obligado la suma necesaria para ejecutar la obra no hecha o realizada en contravención a lo pactado.

''(d) Si la obligación reclamada fuere de no hacer, el aseguramiento consistirá en prohibir al demandado que haga o continúe haciendo lo que trate de prohibirse con la demanda, apercibido de ser castigado por desacato o desobediencia y en el embargo de la suma necesaria para indemnizar por lo que se haga en contra del derecho del demandado.

''(g) En los casos precedentes, si se reclamaren daños y perjuicios, el aseguramiento podrá comprender, además, el embargo de bienes del demandado, en cantidad bastante a responder de los daños y perjuicios reclamados.

''(h) En lo no previsto en las reglas precedentes, el tribunal discrecional y equitativamente adoptará las medidas procedentes para asegurar la efectividad de la sentencia.''

De estas secciones se deducen lógicamente dos cosas: una es que a la palabra obligación no se le da una significación restrictiva que equivalga al vínculo que existe entre

acreedor y deudor y que responde a la palabra deuda, sino que comprende toda clase de prestaciones que nacen de cualquiera de las fuentes que para determinar su origen define el artículo 1055 y fija el artículo 1056, ambos arriba citados; y la otra, que partiendo del anterior supuesto, reclamándose además la entrega de bienes, la prestación que se exige de los demandados en la demanda cae claramente dentro del apartado letra (*a*), *supra,* de la ley sobre aseguramiento, y en el caso de que hubiere alguna duda, siempre lo estaría en el apartado letra (*h*).

Pudiera objetarse que la acción de filiación no envuelve un derecho reconocido sino en potencia. ¿Pero acaso en toda otra obligación que se reclame, no ocurre lo mismo o algo semejante? La ley es la que establece aquella clase de obligación, pero su reconocimiento depende del cumplimiento o existencia de ciertos hechos, que una vez demostrados, indican el momento o la ocasión para darle exigibilidad a la obligación.

En la acción sobre reconocimiento de hijos naturales, la obligación que surge nace de la ley. Esta presupone ciertos hechos positivos o la existencia de un documento indubitado del padre o la madre mediante los cuales reconocen al hijo como suyo, por lo que en tales casos no se trata de obtener un reconocimiento por primera vez, sino que sólo se trata de demostrarlo o probarlo cuando tal reconocimiento estaba hecho, y por tanto, la función de los tribunales no es más que declarar una obligación de los padres que ya estaba reconocida por ellos. Se dirá acaso que el derecho del hijo natural a su filiación no tiene validez alguna hasta que se haga la declaración judicial y que ínterin no se declare su reconocimiento no tiene derechos que asegurar, pero el hecho es que la ley es la que establece la obligación derivada de los deberes de familia y de sucesión y la obligación puede perseguirse mediante una acción o demanda y la ley sobre efectividad de sentencias no establece distinción alguna entre las distintas obligaciones que estatuye

el artículo 1056 del Código Civil, el que apartándose de los precedentes romanos en cuanto a las fuentes de donde nacen las obligaciones, introduce la innovación de la ley como origen de ellas.

La ley sobre aseguramiento de sentencias es una medida de previsión y protección de los que demandan el cumplimiento de una obligación, pero esto no significa que el obligado no quede asimismo protegido cuando se exige fianza en los casos que procede, y ésta queda sujeta a las responsabilidades de los reclamantes en caso de no prosperar la acción ejercitada.

Resuelta la validez del embargo, queda por considerar si procede en este caso el nombramiento de un administrador judicial para la guarda y administración de los bienes embargados.

La moción solicitando el nombramiento de administrador judicial, literalmente, dice:

"Comparecen los demandantes por sus abogados en el incidente de aseguramiento de la efectividad de la sentencia y alegan:

"Primero: Que este pleito tiene por objeto la declaración de los demandantes como hijos naturales reconocidos de don Juan Fonalledas Aymerich, con todos los derechos inherentes a dicha filiación y entre ellos, el de suceder con exclusión de toda otra persona y que se les entregue por los demandados los bienes que constituyen la herencia de dicho finado Sr. Fonalledas Aymerich y las rentas y productos de dichos bienes.

"Segundo: Que en el procedimiento ha comparecido el demandado Miguel Fonalledas y Aymerich y no los demás demandados, quienes se encuentran ausentes de Puerto Rico, residiendo en la Villa de Tosa, de la Provincia de Gerona, España.

"Tercero: Que en el mismo pleito y a petición de los demandantes se ha decretado el aseguramiento de la efectividad de la sentencia solicitada en la demanda, prohibiéndosele a los demandados que enajenen, dispongan por cualquier otro título, graven, o en alguna manera, perjudiquen los bienes que constituyen la herencia del finado don Juan Fonalledas Aymerich.

"Cuarto: Que entre los bienes a los cuales se ha hecho extensiva la prohibición de enajenar, se encuentran los siguientes:

"*a*. Los créditos hipotecarios descritos en los incisos 6, y 7 del párrafo noveno de la segunda causa de acción de la demanda y cuyos intereses quedan comprendidos en la prohibición de enajenar y disponer.

"*b*. Las fincas rústicas descritas en los incisos 8, 9 y 10 del mismo párrafo noveno de la segunda causa de acción de la demanda, así como los frutos y rentas de ellas.

"*c*. Los derechos y acciones de don Juan Fonalledas y Aymerich en la sociedad Fonalledas Hermanos, de la cual eran únicos socios don Juan Fonalledas Aymerich y don Miguel de los mismos apellidos, en la cual es dueño de ciento cincuenta cuerdas de cañas de azúcar plantadas en las fincas Higuillard, descrita en el inciso 10 del párrafo noveno de la segunda causa de acción de la demanda y en la descrita en el inciso octavo del mismo párrafo y cuyas cañas se encuentran en estado de recolección, debiendo ser molidas en esta zafra.

"Que la sociedad Fonalledas Hermanos se encontraba bajo la gestión y administración de ambos socios con iguales derechos y atribuciones.

"Quinto: Que la prohibición de enajenar frutos y rentas quedaría ineficaz de no decretarse, cual procede de acuerdo con la ley y la jurisprudencia, la administración de los bienes que los producen y a la vez debe designarse un administrador judicial para que intervenga en la gestión y administración de Fonalledas Hermanos, con iguales facultades y deberes que el socio fallecido don Juan Fonalledas y Aymerich.

"POR LO QUE a la Hon. Corte suplican que como complemento de la orden de aseguramiento de la efectividad de la sentencia decretada en este caso, designe un administrador judicial de los bienes que fueron de don Juan Fonalledas y Aymerich en los cuales se ha prohibido la enajenación, gravamen y disposición de las rentas y cosechas y cuyo administrador judicial atenderá también a la administración y gerencia de la sociedad Fonalledas Hermanos con iguales facultades y derechos que el socio fallecido don Juan Fonalledas y Aymerich y cuyo administrador judicial deberá constituir la fianza que el Tribunal considere necesaria para garantizar el buen ejercicio del cargo.''

Y la orden de la corte inferior accediendo al nombramiento de administrador judicial es como sigue:

"Vista la moción presentada por los demandantes en que solici-

tan el nombramiento de un Administrador Judicial de acuerdo con las disposiciones de la Ley sobre aseguramiento de sentencias, y discutida que fué dicha moción en Corte abierta por las partes én este litigio, la Corte es de opinion que procede nombrar y por la presente nombra a Don Rafael Marchand Rodríguez administrador judicial de los bienes de la sucesión de Juan Fonalledas Aymerich, quien deberá hacerse cargo de todos los bienes de cualquier clase que sean propiedad de la antedicha Sucesión y le autoriza a ejercer con respecto a dichos bienes, todos los actos de carácter administrativo que sean necesarios, debiendo dicho administrador retener los bienes así como sus frutos en su posesión y a disposición de esta Corte, sin prestación de fianza por ser la prestada para el aseguramiento de sentencia a juicio de esta corte, suficiente para responder a la administración de los bienes que aquí se dispone.''

La sección 9 de la ley para la efectividad de sentencias dispone la manera de efectuar el embargo sobre bienes inmuebles, sin que prive de su posesión y administración al demandado.

La sección 10 prescribe que el embargo de bienes muebles se practicará depositando los bienes de que se trata en poder del tribunal o de la persona designada por éste, bajo la responsabilidad del demandante. Aun así, si el demandado presta fianza puede conservarlos en su poder bajo la prevención de la sección anterior. La sección 11 establece que las disposiciones de la sección precedente son aplicables a los frutos que produzcan los bienes embargados.

Y por último la sección 12 de dicha ley, dice textualmente:

''Sec. 12.—No obstante lo dispuesto en la sección 9, el demandado será privado de la custodia y administración de los bienes inmuebles embargados, o cuya enajenación se le hubiera prohibido, si él o la persona encargada de dichos bienes los abandonaren, descuidaren la administración de los mismos o realizaren actos con relación a ellos que hagan a éstos desmerecer notablemente de valor, siempre que tales hechos se prueben a satisfacción del tribunal. Cuando ocurriere el caso mencionado se designará al actor, o la persona que éste propusiese bajo su responsabilidad, como depositario administrador de los bienes, prestándose por dicho demandante fianza

suficiente o ampliándose la primeramente constituida, si fuere insuficiente, a juicio del tribunal, a fin de responder del depósito y administración.''

De la petición sobre el nombramiento de administrador judicial que hemos transcrito no aparecen alegados ninguno de los hechos previstos en la sección 12, los que alegados deben probarse a satisfacción del tribunal.

En este caso tampoco la orden de embargo no podría tener el efecto como se pide por los demandantes de darle al depositario administrador intervención para atender también a la administración y gerencia de la sociedad Fonalledas- Hermanos con iguales facultades y derechos que el socio fallecido Juan Fonalledas y Aymerich, supuesto causante de los demandantes.

''Es indudable que tanto antes como ahora el acreedor de un socio de una compañía mercantil de cualquier clase que fuere, tenía y tiene medios legales para asegurar su crédito en la participación que pueda corresponder al socio en el capital de la compañía. Pero ni antes autorizaba ni autoriza ahora la ley a un acreedor de un socio para, con el objeto de asegurar su crédito, introducirse en el seno de la sociedad, señalar él mismo, de acuerdo con el contrato social, la participación del socio, extraer bienes de la sociedad iguales en valor al de la indicada participación y entregarlos en depósito a una persona distinta, pudiendo destruir así, prácticamente, la vida de la sociedad.

''La sociedad es una persona jurídica distinta de las personas naturales de los socios que la forman. Tal persona jurídica tiene, de acuerdo con la ley, sus derechos y sus obligaciones y uno de esos derechos consiste en adquirir, poseer y disfrutar bienes materiales. Los bienes adquiridos por la sociedad a la sociedad pertenecen y no individualmente a ninguno de los socios. Los socios tienen un interés en el capital social, pero tal interés sigue el destino de la sociedad. Sólo cuando ésta se disuelva y liquide, es que los socios adquirirán individualmente para sí lo que les corresponda.'' Quintana Hnos. v. Ramírez, 22 D.P.R. 770.

La orden nombrando administrador judicial adolece además del defecto de no exigir fianza suficiente para responder el administrador del ejercicio del cargo según provee la

sección 12 *supra;* y por último el caso de *Rodríguez* v. *La Corte de Distrito de San Juan, Sección 2ª,* no tiene aplicación, porque el caso está limitado cuando se trata únicamente de frutos pendientes. En dicho caso el embargo versó solamente sobre plantaciones de tabaco sin hacerse extensivo al inmueble.

*Por lo expuesto debe mantenerse válida en toda su fuerza y vigor la orden de embargo de 17 de enero de 1924 y declararse nula y sin ningún valor la orden de 14 de febrero de 1924 constituyendo en administración judicial los bienes embargados.*

El Juez Asociado Sr. Wolf no firmó esta sentencia por opinar que debe también declararse nula la orden de embargo de 17 de enero de 1924.