Manuel Calderón Rivera, peticionario, *v.* La Corte de Distrito de San Juan, Hon. Domingo Sepúlveda, Juez, demandado.

No. 563.—*Visto:* Marzo 14, 1927. *Resuelto:* Marzo 24, 1927.

1. Síndico *(Receiver)*—Naturaleza y Fundamentos de la Sindicatura *(Receivership)*—Fundamentos Para el Nombramiento de Síndico—Administración de Propiedad Mientras un Pleito se Resuelve Definitivamente—En General—Acción de Divorcio.—El simple hecho—alegado en solicitud sobre nombramiento de síndico—de la existencia de un pleito de divorcio y la mera creencia de la mujer de que, por haber sido demandada por el marido, éste tratará de perjudicarla en los bienes comunes de ambos, no da jurisdicción a la corte para quitar al marido la administración de tales bienes y para encomendarlos a un tercero como síndico.

2. Síndico *(Receiver)*—Título a y Posesión de los Bienes—Propiedad Sujeta a la Sindicatura—En General.—Aunque hubiera sido procedente el nombramiento de un síndico en la acción de divorcio para que administrase los bienes gananciales, aquél no podría ser autorizado para administrar bienes de una sociedad mercantil en que el marido sólo tiene derecho a los beneficios que aquéllas pueda reportar.

Certiorari para revisar orden de *Domingo Sepúlveda,* J. (San Juan), sobre nombramiento de síndico en acción de divorcio. *Anulada la orden.*

*Luis Campillo,* abogado del peticionario; *Manuel Benítez Flores,* abogado de la parte contraria, Isabel Ramírez Flores.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

A solicitud del demandante en un pleito de divorcio libramos un auto de *certiorari* a la Corte de Distrito de San Juan para que nos remitiese originales los autos del mismo con el fin de revisar la orden que dictó nombrando un síndico que se incautase de los bienes de los litigantes y especialmente de la fábrica de limonada denominada "Polo Norte," situada en esta ciudad, cuya fábrica es de una sociedad mercantil, y los administrase mientras el pleito quedase resuelto definitivamente. Los autos nos han sido remitidos y después fué celebrada una vista ante nosotros en la que comparecieron los abogados de los esposos litigantes.

[1] Resulta de los autos que tenemos ante nosotros que la demanda de divorcio fué radicada en la corte inferior el 7 de enero del presente año y que veinte días después la demandada compareció en el pleito formulando excepción previa contra la demanda de su marido, fundada en que no aduce hechos determinantes de causa de acción, y que el mismo día presentó solicitud a la corte para que nombrase un síndico que se incautase de los bienes de la sociedad conyugal y los administrase hasta la resolución definitiva del pleito de divorcio, alegando para ello la interposición de la demanda de divorcio: que en éste se alega que existen bienes gananciales pertenecientes a la sociedad conyugal: que esos bienes están bajo el exclusivo control de su marido quien se ha negado siempre a dar cuenta a la demandada de las rentas y utilidades que producen y también a concederle intervención en esos bienes: que según su información dichos bienes producen $1,400 mensuales de los cuales su marido no le entrega más de $300 al mes, a pesar de que le corresponde la mitad de dichas rentas, sin que haya recibido cantidad alguna desde la interposición de la demanda: que no está conforme en que la administración de esos bienes esté en las manos exclusivas de su marido, quien ha ve-

nido administrándolos con exclusión de la peticionaria, sin haberle rendido cuenta de su empleo o inversión: y que toda vez que su marido la ha demandado en divorcio sin causa ni motivo alguno, la demandada duda de la buena fe de su marido, no cree en su buena administración de los bienes de la sociedad conyugal y cree que tratará de perjudicarla. En esa petición se alegó, además, que los bienes gananciales consistían en la propiedad de una casa: de dos autos-camiones (*trucks*): de la fábrica de gaseosa y limonada nombrada el "Polo Norte," radicada en esta ciudad, y de otra fábrica de la misma clase sucursal de la anterior, que existe en Humacao, a cuyos bienes da un valor de $60,800. Sin embargo, de los autos resulta que la fábrica de Humacao no pertenece a los consortes ni en ella tienen derecho alguno: que tampoco son de ellos los dos autos-camiones sino de la fábrica de limonada y gaseosa el "Polo Norte," que pertenece a la mercantil Rivero y Compañía Sucesores, S. en C., constituída por escritura pública de 31 de diciembre de 1923 en la que el marido de la peticionaria es el socio colectivo con un haber de $5,500 y don Angel Rivero es el comanditario con $2,500, y que según esa escritura el socio colectivo sólo puede disponer de $175 mensuales para sus gastos personales con cargo a su cuenta particular; siendo esa participación en dicha sociedad y la casa valorada en $10,000, de la que aún deben los esposos algún dinero y que está alquilada en $60 mensuales, los únicos bienes adquiridos durante el matrimonio. En la corte inferior no se presentó prueba alguna de mala administración de esos bienes por el marido.

Según los artículos 159 y 1327 del Código Civil el marido es el administrador de los bienes de la sociedad conyugal, salvo estipulación en contrario; según el 161 es el representante legal de la sociedad conyugal: de acuerdo con el 1328 no podrá donar, enajenar ni obligar a título oneroso los bienes inmuebles de la sociedad de gananciales sin

el consentimiento expreso de la mujer: y dispone el 169 que desde el día en que el procedimiento de divorcio se inicie judicialmente no será válida ninguna deuda contraída por el marido o por la mujer sin la autorización del tribunal, a cargo de los bienes gananciales.

Como se ve de los artículos citados, si bien el marido tiene la libre administración de los bienes de la sociedad conyugal, sin embargo, no puede enajenarlos ni gravarlos sin consentimiento de su esposa y cuando existe pleito de divorcio entre los consortes la ley limita esa administración disponiendo que el marido no pueda contraer deudas de que hayan de responder los bienes de la sociedad conyugal sin autorización judicial: y demuestran también el error en que está en este caso la esposa, según aparece de su petición, respecto a que su marido tiene obligación de darle cuenta de todos los actos de su administración, de permitirle intervención en ella y de dividir con su mujer mensualmente de por mitad las rentas de esos bienes.

Hemos citado también dichos preceptos de la ley porque expresando ellos por sí mismos la voluntad del legislador de que dichos bienes sean administrados exclusivamente por el marido mientras el matrimonio no sea disuelto, para que sea privado de esa administración deben existir razones poderosas que justifiquen una medida de esa naturaleza; y el simple hecho alegado de la existencia de un pleito de divorcio entre los esposos y la mera creencia de la mujer de que por haber sido demandada por su marido éste tratará de perjudicarla en los bienes comunes de ambos, no dió jurisdicción a la corte para quitar al marido la administración de tales bienes y para encomendarlos a una tercera persona como síndico; tanto más cuanto que establecido el pleito de divorcio el demandante no puede contraer deudas que afecten a la sociedad de gananciales, quedando así protegida su esposa.

[2] Lo expuesto es en términos generales porque si la

petición hubiera alegado hechos que dieran jurisdicción a la corte para nombrar un síndico, aun, así, el síndico no podría ser autorizado para administrar los bienes de la mercantil Rivero y Compañía Sucesores, S. en C., por ser ésta una persona jurídica que no es parte en este pleito y porque no teniendo el marido en ella sino derecho a los beneficios que la misma pueda reportar, no tiene derecho la esposa para que como garantía de los bienes gananciales se introduzca en el seno de esa mercantil un síndico que maneje los negocios de la sociedad y que pueda destruir así prácticamente la vida de la misma y enterarse de sus secretos comerciales o industriales.   Un caso análogo al presente lo resolvimos al decidir el pleito de *Quintana Hnos. & Co.* v. *S. Ramírez & Co.*, 22 D.P.R. 770.

*Por lo expuesto la orden de la corte inferior nombrando un síndico en este caso debe ser anulada.*