# CASOS RESUELTOS

# CORTE SUPREMA DE PUERTO RICO

Z. Betancourt & Co., Demandante y Apelante, *v.* Anguiano et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en causa sobre tercería de bienes inmuebles.

No. 1428.—Resuelto en mayo 31, 1916.

Sociedades Mercantiles—Comparecencia en Juicio—Inscripción en el Registro Mercantil—Demanda.—Para que una sociedad mercantil tenga capacidad para comparecer en juicio basta que al tiempo de la presentación de la demanda esté constituída por escritura pública, inscrita en el registro mercantil.

Id.—Falta de Inscripción en el Registro Mercantil—Personalidad o Capacidad para Demandar—Acción para Reclamar.—La falta de inscripción en el registro de una sociedad mercantil al tiempo de la celebración del contrato no afecta a su capacidad o personalidad para demandar sino a la acción para reclamar su derecho.

Id.—Terceros—Contratos con Sociedades no Inscritas.—El artículo 24 del Código de Comercio no puede entenderse en el sentido de considerar como tercero a quien contrata directamente con una sociedad aun cuando no esté registrada.

Id.—Escritura Pública—Inscripción en el Registro Mercantil—Contratos Válidos y Eficaces—Terceros.—Los preceptos de los artículos 118, 119 y 17 del Código de Comercio no implican que a falta de constitución escriturada y registro de una sociedad los contratos con ella celebrados dejen de ser en absoluto válidos y eficaces, pues aunque una sociedad mercantil no haya tenido existencia legal, los actos y contratos que realizan los socios con tal carácter son eficaces contra los mismos en favor de los terceros con quienes han contratado.

Id.—Actos y Contratos Ineficaces—Terceros—Sociedades no Inscritas—Juicio Declarativo—Contrato con Personas Extrañas a la Sociedad.—La cuestión referente a la ineficacia de los actos o contratos que puedan afectar a tercero realizados por sociedades no registradas sólo pueden debatirse en el juicio declarativo correspondiente, máxime cuando se trata de derechos que ejercita una sociedad no derivados de su escritura de constitución social sino de contratos comunes celebrados con personas extrañas a la sociedad.

Los hechos están expresados en la opinión.

1

Abogado del apelante: *Sr. Pedro González.*

Abogado de los apelados: *Sr. Eduardo López Tizol.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente es un caso sobre tercería de bien inmueble.

Alega la parte demandante, Z. Betancourt & Compañía, en su demanda enmendada de 3 de octubre, 1915, presentada a la Corte de Distrito de San Juan, Sección 1ª., como hechos determinantes de su acción, los siguientes:

1°. Que es una sociedad mercantil con domicilio en esta ciudad, constituída de acuerdo con las prescripciones del Código de Comercio por Zoilo Betancourt Díaz e Ignacio Betancourt Pozuelo, en escritura pública de 20 de enero de 1913, inscrita en el registro mercantil de San Juan en 14 de agosto de 1915.

2°. Que en 13 de enero de 1915 Antonio Anguiano estableció ante la Corte Municipal de San Juan una demanda contra Víctor Andino en cobro de $360, y para asegurar la efectividad de la sentencia que recayera en el pleito, trabó embargo sobre una casa que se describe en la demanda.

3°. Que por escritura de 30 de enero de 1914, la sociedad demandante había comprado la expresada finca a Víctor Andino Vivar por precio de $400 con derecho de retraerla el vendedor en el término de un año a contar desde la fecha del otorgamiento de la escritura.

4°. Que posteriormente la demandante facilitó en calidad de préstamo a Víctor Andino Vivar la suma de $118, y vencido el plazo fijado para el pago sin realizarse éste, convinieron ambos en que Andino Vivar renunciaría el derecho de retracto, habiendo otorgado entonces la demandante a Andino Vivar carta de pago por la suma indicada y quedado así definitivamente consumada en favor de la demandante la venta de la casa, todo lo cual se hizo constar en escritura de 12 de diciembre de 1914.

5°. Que por esa misma escritura de 12 de diciembre de 1914 la demandante dió en arrendamiento a Andino Vivar la

casa de que se trata por término de un año y por precio de $10.36 mensualmente, bajo la condición, entre otras, de que la demandante prometía vender la finca a Andino Vivar dentro del mismo plazo de arrendamiento y por precio de $518.

6°. Que la sociedad demandante se halla en posesión de la finca.

La demanda concluye con la súplica de que se declare que la casa embargada es de la exclusiva propiedad de la demandante y que Antonio Anguiano no puede cobrar su crédito de $360 contra Víctor Andino Vivar, en el valor de dicha casa, ordenando en su consecuencia que se levante el embargo trabado sobre ella y se deje a la libre disposición de la demandante, con costas, gastos, desembolsos y honorarios de abogado a cargo del demandado.

A la anterior demanda opuso Antonio Anguiano como excepciones previas la de que la demandante no tiene capacidad legal para demandar por la razón de que en la fecha en que se practicó el embargo no había sido inscrita en el registro mercantil, y la de que la demanda no aduce hechos suficientes para determinar una causa de acción.

La corte, por los mismos fundamentos de su resolución anterior de 17 de agosto de 1915, recaída a las excepciones previas presentadas a la demanda original, declaró con lugar la excepción de que el demandante no tiene capacidad para demandar a Antonio Anguiano, y habiendo solicitado la demandante sentencia en su contra para establecer recurso de apelación, así lo hizo dicha corte, declarando sin lugar la demanda por sentencia de 14 de octubre de 1915, la que ha sido apelada para ante esta Corte Suprema.

En la resolución ya citada de 17 de agosto de 1915, hizo constar el juez como fundamento de ella que siendo un tercero Antonio Anguiano, no podía ser demandado por Z. Betancourt y Compañía, si en la fecha en que se verificó el embargo no había cumplido esa sociedad con el requisito de la inscripción en el registro mercantil, por lo que, siendo necesaria la alegación, si es que podía hacerse, de que la

inscripción se había llevado a efecto, para que la parte demandada estuviera en condiciones de promover la cuestión previa que considerara oportuna, se concedían a la demandante cinco días para enmendar la demanda.

Al resolver el caso de *Quintana Hermanos & Co.* v. *S. Ramírez & Co. et al.*, 22 D. P. R. 761, dijimos que como regla general, de acuerdo con la ley y la jurisprudencia, para que una sociedad mercantil en Puerto Rico pueda comparecer en juicio y hacer valer con éxito sus derechos contra terceros, es necesario que esté constituída por escritura pública y que la escritura aparezca inscrita en el registro mercantil, aun cuando la falta de inscripción no implica necesariamente que la sociedad no exista.

Según las alegaciones de la demanda enmendada, la sociedad Z. Betancourt & Co. se había constituído por escritura pública de 20 de enero de 1913, inscrita en el registro mercantil de San Juan en 14 de agosto de 1915, y, por tanto, al presentarse la demanda enmendada en 3 de octubre del mismo año la mercantil demandante tenía capacidad legal para demandar por haber cumplido en esa fecha los preceptos contenidos en los artículos 17 y 119 del Código de Comercio. La falta de cumplimiento de dichos requisitos antes de practicarse el embargo que motiva el presente juicio de tercería, no puede afectar a su capacidad o personalidad para demandar, sino a la acción para reclamar su derecho de dominio a la finca embargada, o lo que es lo mismo, dicha falta podría dar lugar en su caso a la excepción alegada de que la demanda no aduce hechos suficientes para determinar una causa de acción.

Examinemos dicha excepción como basada en el fundamento indicado.

Como sanción de los preceptos contenidos en los artículos 17 y 119 del Código de Comercio relativos a la necesidad de la constitución de las compañías de comercio por escritura pública y de su inscripción en el registro mercantil, establece el artículo 24 que las escrituras de sociedad no registradas surtirán efecto entre los socios que las otorguen pero no per-

judicarán a tercera persona, quien, sin embargo, podrá utilizarlas en lo favorable.

El precepto del artículo 24 a que acabamos de hacer referencia no puede entenderse en el sentido de considerar como tercero a quien contrata directamente con una sociedad, aun cuando no esté registrada.   Sentencia del Tribunal Supremo de España de 3 de enero de 1906.   Y según sentencia anterior de 29 de abril de 1901, ese artículo se refiere a las cláusulas y condiciones estipuladas en las escrituras de sociedad que por no haberse hecho públicas por medio de la inscripción de las mismas en el registro no deben perjudicar a los que con la sociedad negocien; pero no se refiere a los contratos que ésta o sus gestores celebren con terceras personas, los cuales podrán ser válidos y eficaces no obstante la falta de inscripción.

Con sujeción a la doctrina expuesta que nos parece justa y razonable, no hay duda de que Víctor Andino Vivar no es tercero con relación a la sociedad demandante, pues celebró con ésta los contratos a que se refiere la demanda, y que la compraventa de la casa de que se trata por la sociedad Z. Betancourt & Co. al mismo Andino Vivar puede ser válida y eficaz no obstante la falta de inscripción de la escritura de constitución de la sociedad cuando tal contrato se realizó.

Es cierto que el artículo 118 del Código de Comercio ordena que son válidos y eficaces los contratos entre las compañías mercantiles y cualesquiera personas capaces de obligarse siempre que fueren lícitos y honestos, y aparecieren cumplidos los requisitos que expresa el artículo siguiente, cuyo artículo prescribe que toda compañía de comercio antes de dar principio a sus operaciones deberá hacer constar su constitución, pactos y condiciones en escritura pública que se presentará para su inscripción en el registro mercantil conforme a lo dispuesto en el artículo 17; pero esos preceptos no implican que en caso de incumplimiento de dichos requisitos aquellos contratos dejarán de ser en absoluto válidos y eficaces, pues como dice el Tribunal Supremo de España en

sentencia de 6 de septiembre de 1887, aunque una sociedad mercantil no haya tenido existencia legal, los actos y contratos que con tal carácter realizan los socios son eficaces contra los mismos en favor de los terceros con quienes han contratado. Y no puede ser de otro modo, pues si la nulidad fuese absoluta y aun en perjuicio de estos terceros, se impondría la sanción a éstos que ningún precepto legal infringieron.

Comentando Galindo el artículo 2 de la Ley Hipotecaria en su obra sobre la materia, tomo 1, página 347, edición de 1903, se expresa en los siguientes términos:

"Según el artículo 17 del Código de Comercio, es obligatoria la inscripción de las sociedades mercantiles en el registro mercantil; pero no está resuelto si la infracción de ese precepto es falta que impida se inscriban en el de la propiedad las escrituras de adquisición de bienes y las de enajenación de los mismos, verificada por una sociedad que no acredita haber cumplido tal requisito.

"Nos inclinamos a creer que tal falta no es de las comprendidas en el artículo 65 de la ley, y nos fundamos en que, si bien está prohibido a las sociedades dar principio a sus operaciones sin la previa inscripción en el registro mercantil, el artículo 24 del mismo código declara que las escrituras de sociedad no registradas surten efecto entre los socios, pero no perjudicarán a tercero, quien, sin embargo, puede utilizarla en lo favorable.

"De donde rectamente se infiere que la condición de las sociedades, no inscritas en el registro mercantil, es ante el derecho desventajosa; pero tienen personalidad jurídica con relación a terceros, por lo cual será inscribible la escritura, ya sea de adquisición o ya de enajenación."

En consonancia con todo lo expuesto, opinamos que las escrituras de 30 de enero y 12 de diciembre de 1914 en que funda la sociedad tercerista su dominio a la casa embargada en juicio seguido por Antonio Anguiano contra Víctor Andino no pueden calificarse de inexistentes o nulas *prima facie* por el hecho de no estar registrada la sociedad mercantil demandante en las fechas en que la expresada sociedad celebró con Víctor Andino los contratos consignados en dichos

documentos.   Poco importa en favor del demandado Antonio Anguiano que éste sea tercero con relación a dichos contratos y que el embargo fuera practicado antes de verificarse la inscripción de la escritura social en el registro mercantil, pues las relaciones de derecho entre la sociedad Z. Betancourt & Co. y Víctor Andino con motivo de tales contratos no habían de variar por la realización del embargo, cuyos efectos no son otros que los de dar preferencia a Anguiano sobre el producto en venta de la casa embargada respecto a posteriores acreedores.   El demandado Anguiano en relación con los contratos de que se trata no puede tener más derechos respecto de la sociedad Z. Betancourt & Co., que los que tuviera Andino en cuanto a la misma.   Si las escrituras de que se trata no son nulas *prima facie* respecto de Vivar, tampoco puedan serlo respecto de Anguiano.

Además, la cuestión referente a la ineficacia de los actos o contratos que puedan afectar a tercero realizados por sociedades no registradas, sólo cabe debatirlos en el juicio declarativo correspondiente, según la sentencia ya citada del Tribunal Supremo de España de 3 de enero de 1906, y entendemos que esa doctrina es aplicable con mayor razón cuando se trata de derechos que ejercita una sociedad no derivados de su escritura de constitución social, sino de contratos comunes celebrados con personas extrañas a la sociedad.

Por las razones expuestas es de revocarse la sentencia apelada continuándose el juicio con arreglo a derecho.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.