SUCESORES DE JOSÉ HERNAIZ, DEMANDANTES Y APELADOS, *v.* ROMERO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en pleito sobre cobro de dinero.

No. 1707.—Resuelto en junio 7, 1918.

SOCIEDADES MERCANTILES—INSCRIPCIÓN DE LA ESCRITURA SOCIAL.—El requisito estatutorio respecto a la inscripción de la escritura social tiene por objeto el proteger tanto a aquellas partes que contrataren con la sociedad como a los terceros en general, de aquellos términos y condiciones que se contengan en el contrato social que de otro modo pudieran perjudicar a extrañas personas. No es un requisito previsto con el fin de servir como pretexto para que repudie abiertamente una solemne promesa de pagar una deuda reconocida, una persona cuyo único propósito al levantar el punto técnico de la falta de demostrar la inscripción de la escritura social es la de evadir la obligación directa de su contrato con la firma.

HIPOTECA—DEUDAS—CONSENTIMIENTO DE LA ESPOSA.—No tratándose en este caso de la hipoteca sino de la deuda que el demandado en el mismo instrumento expresamente reconoció y ofreció pagar, no era necesario el consentimiento expreso de la esposa del deudor para el reconocimiento de la deuda cuyo acto es uno de pura administración de los bienes de la sociedad legal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. E. Márquez Huertas.*

Abogado de los apelados: *Sr. Manuel Ginorio.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En el 1904, el demandado-apelante otorgó una hipoteca para garantizar una deuda que allí se reconoce ascendente a la suma de $1,058 a pagarse en dos plazos de $529 cada uno en agosto 30 de 1904 y 1905.

En adición a la prueba de la demandante respecto a varios requerimientos de pago el propio demandado introdujo en evidencia un recibo por la cantidad de $128 de fecha mayo 24 de 1906, quedando reducida la suma reclamada por la demandante a $700 por la cual suma, junto con el interés legal correspondiente, se dictó sentencia.

Después de una negativa especial, para seguir los términos empleados en la demanda, de que la demandante "es una sociedad mercantil en liquidación a cargo de don José Trueba

Munsuri,'' y una negación general de todos los demás hechos que alega la demandante, el demandado alega por vía de defensa especial que la escritura de reconocimiento de deuda y el otorgamiento de la escritura que se acompañó a la demanda eran nulos por lo dispuesto en el artículo 1328 del Código Civil por falta de consentimiento y de la firma de la esposa del demandado; que en un período de abatimiento moral y falta de salud el demandado firmó el documento por razón de la violenta actitud de los agentes de la mercantil demandante; que por más de once años no se le hizo requerimiento alguno de pago al demandado, y que la acción estaba prescrita con arreglo al inciso 3º. del artículo 1867 y artículos 1862, 1870 y 1871 del Código Civil y el artículo 943 del Código de Comercio.

El apelante insiste en que la corte inferior cometió errores de la manera siguiente:

''1. Al reconocer capacidad a la sociedad 'Sucesores de José Hernaiz' en liquidación cuando no presentó como prueba en juicio la escritura social y sí sólo unas escrituras relacionadas con tal sociedad, pero ninguna de ellas sin encontrarse inscrita en el registro mercantil.

''2. En darle valor y eficacia al convenio de hipoteca celebrado por la escritura que por ese concepto se unió a la demanda, cuando todo ese convenio o escritura es nulo por virtud de la Ley, desde el momento en que la esposa del demandado no dió su consentimiento para ello ni su firma para ese negocio.

''3. Erró también en considerar vencido ese crédito, aún cuando hubiera existido, pues siendo nulo el convenio hecho por esa escritura al tener por finalidad la de hacer tal hipoteca, la cláusula en ella obtenida señalando plazos para el pago carece de eficacia, y en todo caso, aunque se adeudase la cantidad, sería una obligación sin plazo fijo y que por tanto no sería aún exigible.

''4. Erró también al no considerar prescrito ese crédito aún en el caso de que hubiese existido.''

El requisito estatutorio respecto a la inscripción de la escritura social tiene por objeto el proteger tanto a aquellas partes que contrataren con la sociedad, como a los terceros

en general, de aquellos términos y condiciones que se contengan en el contrato social que de otro modo pudieran perjudicar a extrañas personas. No es un requisito previsto con el fin de servir como pretexto para que repudie abiertamente una solemne promesa de pagar una deuda reconocida una persona cuyo único propósito al levantar el punto técnico de la falta de demostrar la inscripción de la escritura social es la de evadir la obligación directa de su contrato con la firma. La·prueba de la real existencia de la sociedad es amplia, y, descartando por completo la manera en que se levantó la cuestión·de la inscripción, si es que se levantó, en las alegaciones, no es al demandado a quien compete impugnar la capacidad legal de la demandante. La proposición sobre la que descansa el apelante no es enteramente *res nova* en esta corte. Véase *Quintana Hermanos v. Ramírez & Co.,* 22 D. P. R. 761, 762; *Betancourt* v. *Anguiano,* 24 D. P. R. 1.

Para contestar el segundo señalamiento de error basta con decir que el pleito no es sobre la hipoteca, sino por la deuda que el demandado en el mismo instrumento expresamente reconoció y prometió pagar. *Vivaldi* v. *Mariani,* 10 D. P. R. 444, 445.

El argumento en apoyo del tercer motivo de error, en tanto cuanto no quede resuelto por el párrafo anterior, no es de aquellos que merezcan seria consideración.

La proposición envuelta en el cuarto señalamiento de error es evidentemente insostenible. 12 Manresa (2ª. Edición) 825; 11 Martínez Ruiz, 308.

Es de confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.