La Juez Asociada Señora Rodríguez Rodríguez
emitió la opi-nión del Tribunal.
En esta ocasión tenemos la oportunidad de expresarnos acerca de la figura de la sociedad de responsabilidad limitada. En particular, debemos auscultar las consecuen-cias de no renovar su inscripción en el Registro de Socie-dades de Responsabilidad Limitada del Departamento de Estado, una vez transcurrido el término de vigencia de ésta. A continuación, los hechos de los cuales surge la con-troversia ante nuestra consideración.
I
En 1998 los Sres. William E. Bonbright y Gary Hellings constituyeron, mediante una escritura pública, una socie-dad de responsabilidad limitada con el nombre Linden Development, L.L.P. (Linden Development). Según los térmi-nos de la escritura de constitución, la sociedad se dedicaría al negocio del desarrollo de terrenos y tendría una dura-ción indefinida, sin perjuicio de que los socios acordaran disolverla en cualquier momento. En tal caso, ambos debe-rían prestar su consentimiento por escrito.
*652 Dos años después, Linden Development presentó una demanda por incumplimiento de contrato, dolo contractual y daños y perjuicios contra el Sr. Manuel De Jesús Ramos, la Sra. María de Lourdes Ramírez Muñiz y la Sociedad Legal de Bienes Gananciales compuesta por ambos. Alegó que había adquirido, mediante un negocio de compraventa celebrado con los demandados, varios predios de terreno ubicados en el municipio de Rincón, para realizar allí un proyecto de construcción. Adujo que los vendedores le ocul-taron información relevante que, de haber sido conocida oportunamente, le hubiera movido a negar su consenti-miento a la compraventa. Sostuvo que, como resultado, ha-bía sufrido daños calculados en $1,000,000.(1)
Luego de contestar la demanda, los demandados presen-taron una reconvención en la que alegaron que habían cum-plido con sus obligaciones como vendedores. Sostuvieron que, sin embargo, la demandante había manifestado a toda la comunidad sus supuestas actuaciones dolosas y que ello había afectado su reputación y la de su negocio de venta de solares, causándole daños valorados en $1,000,000.
Trabadas las controversias, el 13 de noviembre de 2003 la parte demandada presentó una moción de desestimación en la que alegó que, contrario a las disposiciones de la Ley de Sociedades de Responsabilidad Limitada, Ley Núm. 154 de 20 de agosto de 1996 (10 L.RR.A. sees. 1861-1867), Linden Development no había renovado su inscripción en el Registro de Sociedades de Responsabilidad Limitada del Departamento de Estado luego de vencido el término de un año de vigencia de ésta. Sostuvo que, debido a ello, Linden Development había perdido su personalidad jurídica. Por tal razón, solicitó la desestimación de la demanda o, en la alternativa, que se ordenara la sustitución de los otrora *653 socios de Linden Development como parte demandante. Esto último con el fin de asegurar su derecho a hacer efec-tiva la sentencia que en su día se dictara en relación con la reconvención. Atendida la moción de desestimación, así como la réplica de la parte demandante, el Tribunal de Primera Instancia la denegó.
Así las cosas, y según surge de la sentencia posterior-mente dictada, durante el juicio en su fondo la parte deman-dada impugnó el testimonio del señor Bonbright en tanto éste expresó que Linden Development “estuvo activa en el Departamento de Estado hasta [el 2006]”. Específicamente, la parte demandada presentó en evidencia una certificación del Departamento de Estado a los efectos de que la inscrip-ción de Linden Development en el Registro de Sociedades de Responsabilidad Limitada había expirado el 15 de agosto de 2002. Ante dicha evidencia y luego de haber concedido un término simultáneo a las partes para expresarse al respecto, el Tribunal de Primera Instancia dictó sentencia desesti-mando tanto la demanda como la reconvención por falta de acumulación de parte indispensable.
El foro de instancia razonó que una vez expiró la ins-cripción de Linden Development en el Registro de Socieda-des de Responsabilidad Limitada del Departamento de Es-tado, ésta se había convertido en una comunidad de bienes por disposición del Art. 5 de la Ley de Sociedades de Res-ponsabilidad Limitada, perdiendo de esta manera su per-sonalidad jurídica.(2) 10 L.P.R.A. see. 1864. Entendió que debido a ello, y puesto que sus intereses resultarían afec-tados por el desenlace del pleito, los otrora socios de la sociedad de responsabilidad limitada debieron haber sido sustituidos como parte en éste. A falta de dicha acumula-ción de parte indispensable, el tribunal concluyó que pro-cedía desestimar la acción.
*654 Declarada “no ha lugar” una moción de reconsideración presentada por la parte demandante, ésta presentó un re-curso de apelación ante el Tribunal de Apelaciones. Dicho foro, a su vez, confirmó la determinación recurrida. Al igual que el tribunal de instancia, el tribunal apelativo in-termedio entendió que una vez expiró la inscripción de Linden Development sin que ésta hubiera sido renovada, dicha sociedad había perdido su personalidad jurídica por haberse convertido en una comunidad de bienes. El tribunal recurrido añadió que el Art. 8 del estatuto, 10 L.P.R.A. sec. 1867, no aplicabla a la presente controversia por no tratarse de un caso de disolución, retiro o revocación de una sociedad de responsabilidad limitada.(3) El Tribunal de Apelaciones también denegó una posterior moción de re-consideración presentada por la parte demandante.
Inconforme aún, Linden Development nos solicita la re-visión de la sentencia del foro apelativo intermedio. Alega que al disponer que a falta de renovación de inscripción la sociedad de responsabilidad limitada continuará operando como una comunidad de bienes, la Ley de Sociedades de Responsabilidad Limitada efectivamente crea una causal de disolución de la sociedad. Sostiene que, por ser así, la sociedad comienza un periodo de liquidación durante el cual conserva su personalidad jurídica hasta el momento de su extinción. Añade la recurrente que habiéndose ini-ciado el presente pleito mientras estaba debidamente re-gistrada en el Departamento de Estado, debe reconocerse su personalidad jurídica hasta el final de éste en virtud de las disposiciones del Art. 8 del estatuto aplicable.
Por su parte, los recurridos señalan que al expirar la inscripción de Linden Development en el Departamento de Estado, dicha entidad se convirtió en una comunidad de *655 bienes carente de personalidad jurídica propia. Sostienen que puesto que la parte demandante nunca solicitó la sus-titución de los socios como parte demandante, la ausencia de parte indispensable impide la formulación de un reme-dio adecuado a las controversias del presente caso.
El 11 de enero de 2008 expedimos el recurso. Contando con la comparecencia de ambas partes, estamos en posición de resolver.
II
 La adopción de la Ley de Sociedades de Responsa-bilidad Limitada en nuestra jurisdicción fue parte del auge adquirido por dicha figura en Estados Unidos a partir de la adopción en el estado de Texas del primer estatuto especial que regulara los limited liability partnerships como forma de organización de negocios. L.M. Negrón Portillo y M.M. Fabián Maldonado, Sumario de Legislación Comercial, 2da ed., Hato Rey, Ed. Situm, 2000, pág. 100. Véase, además, A.R. Bromberg y L.E. Ribstein, Bromberg and Ribstein on Limited Liability Partnerships, The Revised Uniform Partnership Act, and The Uniform Limited Partnership Act (2001), Nueva York, Aspen Publishers, 2003, Sec. 101, pág. 2. Al presente, todos los estados de Estados Unidos, así como Puerto Rico e Islas Vírgenes, cuentan con legislación a tales efectos. Bromberg y Ribstein, op. cit., Sec. 1.01(e), pág. 15. A pesar de que en 1997 la National Conference of Commissioners on Uniform State Laws adoptó la figura de la sociedad de responsabilidad limitada a través de una enmienda al Uniform Partnership Act (1994), persisten va-riaciones entre los esquemas reguladores estatales. Véase Bromberg y Ribstein, op. cit., Sec. 101(d), pág. 15.
En general, como lo sugiere su nombre, la característica fundamental de la sociedad de responsabilidad limitada es la limitación de la imposición de responsabilidad *656 a sus socios por determinados actos a su aportación al ha-ber social. Negrón Portillo y Fabián Maldonado, op. cit. Ahora bien, los actos cobijados por el manto protector así como la extensión de la protección provista y las activida-des que pueden ser conducidas a través de la figura, son aspectos específicamente dispuestos en los estatutos especiales. Así por ejemplo, algunas jurisdicciones brindan protección sólo por hechos derivados de actuaciones torti-ceras, mientras que otras reconocen la protección de la li-mitación de responsabilidad en relación con actos deriva-dos de contratos. De la misma manera, una minoría de estados ha restringido la autorización de esta forma de or-ganización de negocios únicamente a actividades profesionales. (4)
La figura tampoco es ajena al ordenamiento civilista. A modo de ejemplo, en España la sociedad de responsabili-dad limitada se encuentra regulada desde 1957, concebida como una figura similar a la sociedad anónima, aunque más flexible. Véase J. Garrigues, Derecho Mercantil, 7ma ed., Bogotá, Ed. Temis, 1987, T. II, págs. 233-236.
En el caso específico de Puerto Rico, la Ley de Sociedades de Responsabilidad Limitada autoriza dicha forma de organización de negocios con el ánimo de proveer una alternativa más flexible a las ya existentes en nuestro ordenamiento por virtud de la Ley de Corporaciones, el Código de Comercio y el régimen de la sociedad especial del Código de Rentas Internas. 1996 (Parte 1) Leyes de Puerto Rico 668. En este tenor, la ley autoriza la creación de las sociedades de responsabilidad limitada para cualquier propósito lícito, incluyendo la práctica profesional. 10 L.P.R.A. secs. 1861(b) y 1866. Además, la ley provee para el reconocimiento de sociedades de la misma naturaleza constitui- *657 das y debidamente inscritas en otras jurisdicciones. 10 L.P.R.A. sec. 1861(c).
El Art. 8 del estatuto establece la protección que la figura brinda a los socios al disponer que éstos no serán personalmente responsables más allá de lo aportado a la sociedad “por las deudas y obligaciones de la sociedad o de otro socio o socios que surjan como consecuencia de error, omisión, negligencia, incompetencia o acto ilícito cometido por otro socio o empleado, agente o representante de la sociedad”. 10 L.P.R.A. see. 1867. Ello siempre que el socio no estuviese involucrado en la actividad que ocasionó el daño a un tercero o tuviese conocimiento de ésta. íd.
III
En nuestra jurisdicción, el reconocimiento de la figura de la sociedad de responsabilidad limitada se remonta a 1957 cuando nos expresamos por primera vez en torno a su cabida en nuestro ordenamiento contributivo. Descartes, Tes. v. Tribl. Contribuciones, 79 D.P.R. 866 (1957). Sin embargo, no es sino hasta la aprobación de la Ley de Socieda-des de Responsabilidad Limitada de 1996 que se incluyó dicha figura como una de las formas de organización de negocios contempladas por el Art. 101 del Código de Co-mercio que hasta ese momento sólo incluía como tales a la sociedad regular colectiva, la sociedad en comandita y la corporación. 10 L.P.R.A. sec. 1347.
Según se desprende de la Exposición de Motivos de la Ley de Sociedades de Responsabilidad Limitada, la intención del legislador al aprobarla fue proveer un esquema regulatorio a la figura ya reconocida en nuestro ordenamiento, en aras de fomentar la inversión con un mínimo de interferencia por parte del Estado. Véase 1996 (Parte 1) Leyes de Puerto Rico 668-670. De esta manera, *658 en lugar de regular completamente la sociedad de respon-sabilidad limitada, la ley toma el esquema de la sociedad en el Código Civil y le incorpora ciertas reglas especiales. C.E. Díaz Olivo, Corporaciones, San Juan, Publicaciones Puertorriqueñas, 1999, pág. 437. Así surge expresamente del Art. 5 del estatuto cuyo texto establece que “una socie-dad de responsabilidad limitada es una sociedad según se define en el [Artículo 1556 del Código Civil]” a la cual le aplican las disposiciones del Título VIII de dicho cuerpo legal, en tanto no sean incompatibles con las disposiciones especiales de la ley. 10 L.P.R.A. see. 1864. En conformidad con el Art. 1556 del Código Civil, la ley define una sociedad de responsabilidad limitada como una “sociedad creada por no menos de dos (2) personas naturales al amparo y en cumplimiento de esta Ley”. 10 L.P.R.A. sec. 1861(b). Debe-mos, por lo tanto, discutir las características generales de la figura de la sociedad bajo el Código Civil antes de aden-trarnos en las particularidades de la sociedad de responsa-bilidad limitada.
IV
El Art. 1556 del Código Civil, 31 L.P.R.A. see. 4311, define sociedad como “un contrato por el cual dos o más personas se obligan a poner en común dinero, bienes o industria con ánimo de partir entre sí las ganancias”. Según se desprende de lo anterior, la sociedad es producto de la convención pues para surgir requiere la existencia de un contrato. Daubón Belaval v. Srio. de Hacienda, 106 D.P.R. 400, 412 (1977). Por lo tanto, los derechos y las obligaciones propios de ella tienen su origen en la voluntad de las partes. Id. Así, la sociedad se caracteriza por la unión de los intereses de diversas personas en la consecución del fin común de derivar ventaja económica. Marcial v. Tomé, 144 D.P.R. 522, 546-547 (1997); Sánchez Rodríguez v. López Jiménez, 116 D.P.R. 172 (1985).
*659 Estas características diferencian a la sociedad de la co-munidad de bienes que, en lugar de nacer de la voluntad de las partes, constituye un estado de derecho del cual na-cen derechos y obligaciones preestablecidos y reglamentados. Daubón Belaval v. Srio. de Hacienda, supra, pág. 412. Asimismo, mientras la sociedad se caracte-riza por el ánimo de generar ganancias, la finalidad de la comunidad es conservar la cosa común.
Con su otorgamiento, el contrato de sociedad da lugar a la creación de una persona jurídica distinta a los socios, con un patrimonio separado compuesto por los bienes, dinero o industria aportado por éstos. J.R. Vélez Torres, Curso de Derecho Civil, San Juan, U.I.P.R., 1990, T. IV, Vol. II, pág. 388. Sin embargo, dicha persona jurídica no es de total independencia de la personalidad de sus socios, quienes habrán de responder por las obligaciones de la sociedad con su patrimonio personal subsidiaria y mancomunadamente. Asociación de Propietarios v. Santa Bárbara Co., 112 D.P.R. 33, 50 (1982). Es decir, la existencia de la sociedad civil no exime de responsabilidad a los socios en su capacidad individual. Por el contrario, éstos responden ilimitadamente por las obligaciones de la sociedad en caso de que los haberes de ésta no alcancen a cubrirlas. Torruella v. Crédito e Inv. San Miguel, 113 D.P.R. 24, 33 (1982).
La característica fundamental de la sociedad de responsabilidad limitada es precisamente limitar dicha responsabilidad subsidiaria y personal de los socios por determinados actos a su aportación al haber social. 10 L.P.R.A. sec. 1867. Véase, además, Díaz Olivo, op. cit., pág. 437. Al reconocer la procedencia de este tipo de acuerdo en nuestro ordenamiento, adoptamos la postura civilista a los efectos de reconocerle validez siempre que tal limitación se le hiciera conocer al tercero contra quien se hace valer. Descartes, Tes. v. Tribl. Contribuciones, supra, págs. 877 y 879. En Asociación de Propietarios v. Santa Bárbara Co., *660 supra, pág. 48, reiteramos dicho principio al expresar que para reconocer a los socios de una sociedad civil una pro-tección similar a la del régimen corporativo, “sería indispensable crear y administrar un sistema de protección, pu-blicidad y garantías de terceros, completamente ausente en la reglamentación vigente del contrato de sociedad en nuestro Código Civil”.
Es en atención a lo anterior que la Ley de Sociedades de Responsabilidad Limitada dispone, entre otros, el requisito de inscripción como condición al reconocimiento de la protección que brinda dicha figura a sus socios. 10 L.RR.A. see. 1862. La inscripción, a su vez, depende de que la sociedad esté constituida mediante escritura pública. Id.
Específicamente, la Ley de Sociedades de Responsabilidad Limitada establece que para acogerse al beneficio de limitación de responsabilidad descrito en el Art. 8 del estatuto, “la sociedad de responsabilidad limitada deberá presentar ante el Secretario de Estado copia certificada de la escritura constitutiva de la sociedad”.(5) 10 L.P.R.A. sec. 1862(a). Dicha entrega deberá acompañarse del pago de cien dólares por los derechos de inscripción. 10 L.P.R.A. sec. 1862(d). Como adelantáramos, por disposición de ley, dicha inscripción será válida por un año, a menos que la sociedad la retire voluntariamente mediante la presentación ante el Secretario de Estado de una notificación de retiro suscrita por una mayoría del interés o participación social o por uno o más socios autorizados por la mayoría del interés o la participación social. 10 L.P.R.A. sec. 1862(f). La renovación de la inscripción se lleva a cabo, por su parte, mediante la presentación de una solicitud a los efectos en o antes de la fecha de su vencimiento. Id.(6)
*661 El Art. 5 de la ley dispone las consecuencias de la no renovación de la solicitud de inscripción al establecer que “al expirar el término para renovar la solicitud de ins-cripción, la sociedad continuará operando como una comu-nidad de bienes”. 10 L.P.R.A. sec. 1864. El efecto de dicha disposición en la personalidad jurídica de la sociedad de responsabilidad limitada y su capacidad para comparecer como parte en un procedimiento judicial es precisamente el origen de la controversia ante nuestra consideración.
V
El requisito de inscripción de la Ley de Socieda-des de Responsabilidad Limitada es similar al dispuesto en el Art. 98 del Código de Comercio aplicable a las sociedades mercantiles. 10 L.P.R.A. sec. 1344. Véanse, además, 10 L.P.R.A. secs. 1032, 1036 y 1038. En ese contexto hemos expresado que el fin de la publicidad del Registro Mercan-til es proteger a las partes que contrataren con la sociedad de aquellos términos y condiciones que se contengan en el contrato social que de otro modo pudieran perjudicarles. Sucesiones de José Hernaiz v. Romero, 26 D.P.R. 407, 408— 409 (1918). Una vez anotado algo en el Registro Mercantil, se considera que todos aquellos afectados por ese acto que-dan notificados, por lo que luego no pueden alegar desconocimiento. Negrón Portillo y Fabián Maldonado, op. cit., pág. 85. Entendemos que igual propósito persigue el legislador al requerir la inscripción de la sociedad de res-ponsabilidad limitada en un registro público como condi-ción al reconocimiento de la limitación de responsabilidad que sus socios han pactado mediante escritura. Descartes, Tes. v. Tribl. Contribuciones, supra. Por lo tanto, recurri-mos a la jurisprudencia interpretativa del requisito de ins- *662 cripción del Código de Comercio a modo ilustrativo, a pesar de que se trata de un mecanismo en desuso.
En Quintana Hns. & Co. v. S. Ramírez & Co. et al., 22 D.P.R. 761, 765 (1915), establecimos que “para que una sociedad mercantil en Puerto Rico pueda comparecer en juicio y hacer valer con éxito sus derechos contra terceros, es necesario que esté constituida por escritura pública y que la escritura aparezca inscrita en el registro mercantil, aun cuando la falta de inscripción no necesariamente sig-nifica que la sociedad no exista”. Véase, además, Z. Betancourt & Co. v. Anguiano et al., 24 D.P.R. 1 (1916). En Cá-mara Insular Etc. v. Anadón, 83 D.P.R. 374 (1961), añadimos que si bien la inscripción de la escritura de cons-titución de sociedad en el registro mercantil no crea la per-sonalidad jurídica de dicha sociedad, ésta determina su re-conocimiento por un tercero.
Como surge de lo anterior, en el contexto de las socieda-des mercantiles hemos resuelto que la sociedad no inscrita no está capacitada para comparecer en juicio y hacer valer sus derechos. Ahora bien, en tales casos, hemos reconocido la personalidad jurídica de dicha entidad independiente-mente de que ésta se encuentre inscrita. Ello responde al hecho de que la personalidad jurídica de la sociedad surge del contrato que le da vida, el cual continúa en efecto aun cuando la sociedad no se haya inscrito. Art. 17 del Código de Comercio, 10 L.P.R.A. sec. 1038.
En virtud de lo anterior, nos inclinaríamos a pensar que, de modo análogo al caso de las sociedades mercantiles, al no renovarse la inscripción de la sociedad de responsabilidad limitada en el registro del Departamento de Estado, ésta se convierte en una sociedad civil carente del manto protector de la limitación de responsabilidad de sus socios. En tal caso, la responsabilidad de los socios sería subsidiaria, mancomunada e ilimitada. Sin embargo, el legislador fue más allá al proveer que, a falta de renova- *663 ción de la solicitud de inscripción, la sociedad de responsa-bilidad limitada “continuará operando como una comuni-dad de bienes”. De esta manera, expresamente descartó la posibilidad de que los antiguos socios de la sociedad de responsabilidad limitada se beneficien siquiera de la figura de la sociedad civil, estando sujetos a responder personal-mente de las deudas y obligaciones que resulten de sus operaciones.(7) Véase Díaz Olivo, op. cit., pág. 439.
En base a lo anterior, tenemos que concluir que en los casos de falta de renovación de inscripción, la sociedad de responsabilidad limitada también pierde su personalidad jurídica. De otra manera estaríamos reconociendo personalidad jurídica a modo de “sociedad” a una entidad cuyos miembros no cuentan con el beneficio de responder por las deudas de ésta subsidiariamente. Entendemos que el legislador ató la personalidad jurídica de la sociedad de responsabilidad limitada a su inscripción en el Registro de Sociedades de Responsabilidad Limitada del Departamento de Estado.(8)
En suma, resolvemos que en virtud del Art. 5 de la Ley de Sociedades de Responsabilidad Limitada, a falta de la renovación oportuna de su solicitud de inscripción, la sociedad de responsabilidad limitada se transforma en una comunidad de bienes y, como tal, carece de personalidad *664 jurídica y facultad de comparecer como parte en un pleito.(9)
Ahora bien, el Art. 8 de la Ley de Sociedades de Respon-sabilidad Limitada dispone que el retiro, la revocación o la disolución de ésta no afectará la protección característica de la figura “por las deudas y obligaciones incurridas mien-tras la sociedad estaba debidamente inscrita”. 10 L.RR.A. see. 1867. Entendemos que igual razonamiento debe apli-car en aquellos casos en que la sociedad de responsabilidad limitada omite renovar su inscripción en el registro del De-partamento de Estado. Siendo la finalidad de la inscripción alertar a los terceros sobre la limitación de responsabilidad de la cual se benefician los socios de la sociedad de respon-sabilidad limitada, no vemos razón por la cual no hacer valer dicha protección en relación con las deudas y obliga-ciones incurridas mientras la sociedad estuvo debidamente inscrita. Así lo entiende el profesor Díaz Olivo, al expresar que “los socios continuarán protegidos en su ámbito personal, respecto a las obligaciones incurridas con anterioridad a la expiración de la inscripción”. Díaz Olivo, op. cit, pág. 439. Compartimos su criterio y, en consecuencia, conside-ramos que los socios de una sociedad de responsabilidad limitada que ha dejado de renovar oportunamente su ins-cripción, continúan gozando de la protección de dicha fi-gura en relación con las deudas y obligaciones incurridas mientras ésta estuvo debidamente constituida e inscrita.
Con el beneficio de la discusión precedente, pasamos a considerar la controversia ante nuestra consideración.
VI
La reclamación que da origen al presente caso surge de la relación contractual entre Linden Development y la *665 parte demandada. No existe controversia en relación con que tanto al momento de la contratación como al instarse la demanda y la reconvención, dicha sociedad de responsa-bilidad limitada estuvo debidamente inscrita en el registro del Departamento de Estado. Es decir, el pleito surge de una deuda u obligación incurrida mientras Linden Development estuvo debidamente inscrita. Por lo tanto, sus so-cios se beneficiarían de la limitación de responsabilidad que se les pueda imponer en concepto de la reconvención.
Ello no obstante, durante el trámite del pleito, Linden Development dejó de renovar su inscripción en el registro del Departamento de Estado. Por tal razón y en virtud de nuestros pronunciamientos, entendemos que dicha entidad perdió su personalidad jurídica a partir de la fecha cuando venció su inscripción en el registro. Esta circunstancia sus-cita el problema de parte indispensable que llevó al tribunal de instancia a desestimar el pleito. Sin embargo, tra-tándose de la primera vez que interpretamos el estatuto aplicable, entendemos que debemos proveer a la parte pe-ticionaria la oportunidad de sustituir a los antiguos socios de Linden Development como parte demandante con el fin de continuar con el trámite de su reclamación. En caso de que se les imponga responsabilidad por los hechos alegados en la reconvención, ésta será hasta el monto de su aporta-ción a la sociedad de responsabilidad limitada según discu-tido anteriormente.
En virtud de nuestros pronunciamientos, se revoca la sentencia recurrida y se ordena la sustitución de los Sres. William E. Bonbright y Gary Hellings como parte deman-dante para continuar con los trámites judiciales pertinen-tes a la resolución de los méritos de la demanda y la recon-vención instadas en conformidad con lo aquí resuelto.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rivera Pérez concurrió con el resultado sin opinión escrita.

 Específicamente, Linden Development L.L.P. (Linden Development) alegó que una vez obtenidos los permisos de rigor y de comenzadas las labores de construc-ción, la comunidad en la que ubicaría el desarrollo se opuso a éste y provocó la suspensión de los permisos otorgados. Argüyó que los demandados conocían sobre la oposición de la comunidad a cualquier tipo de construcción en el lugar pero que le ocultaron dicha información, viciando así su consentimiento.

 El Art. 5 de la Ley de Sociedades de Responsabilidad Limitada establece, en parte: “Al expirar el término para renovar la solicitud de inscripción, la sociedad continuará operando como una comunidad de bienes”. 10 L.P.R.A. sec. 1864.

s) El Art. 8 de la Ley de Sociedades de Responsabilidad Limitada establece, en lo pertinente: “El retiro, disolución o revocación de una sociedad de responsabilidad limitada no afectará la aplicabilidad de lo dispuesto en esta sección por las deudas u obligaciones incurridas mientras la sociedad estaba debidamente registrada como tal.” 10 L.P.R.A. sec. 1867.

 Este es el caso de los estados de Nevada, California, Nueva York y Oregon. A.R. Bromberg y L.E. Ribstein, Bromberg and Ribstein on Limited Liability Partnerships, The Revised Uniform Partnership Act, and The Uniform Limited Partnership Act (2001), Nueva York, Aspen Publishers, 2003, Sec. 1.01(e), pág. 15.

6) Igual requisito aplica a las sociedades de responsabilidad limitada extranje-ras, las cuales están obligadas a presentar un acta de solicitud de inscripción. 10 L.P.R.A. sec. 1862(b).

 El Reglamento de Procedimientos del Registro de Sociedades de Responsa-bilidad Limitada del Departamento de Estado permite efectuar el trámite de reno- *661 vación en cualquier momento dentro de los treinta días anteriores a la fecha en que expire el término de un año por el cual fue expedido o renovado el registro de la sociedad. Reglamento Núm. 5759 de 18 de febrero de 1998.

 Así surge del historial legislativo del proyecto de ley que posteriormente se convirtió en la Ley de Sociedades de Responsabilidad Limitada, cuya versión original del Art. 5 proveía para que a falta de inscripción, la sociedad de responsabilidad limitada continuara operando como una sociedad civil. Dicha disposición fue poste-riormente sustituida por el lenguaje actual. P. del S. 1222 de 30 de septiembre de 1995.

 Igual rango constitutivo se le reconoce al requisito de inscripción en España donde la ley dispone que “[l]a sociedad se constituirá mediante escritura pública, que deberá ser inscrita en el Registro Mercantil. Desde ese momento tendrá personali-dad jurídica”. Art. 6° de la Ley de 17 de julio de 1951 de Régimen Jurídico de las Sociedades Anónimas. Ajuicio del profesor Garrigues, la inscripción en dicho registro “constituye el último acto fundacional de la [sociedad de responsabilidad limitada], y tiene efectos constitutivos para la adquisición de la personalidad jurídica”. (Énfasis suplido.) J. Garrigues, Curso de Derecho Mercantil, 7ma ed., Bogotá, Ed. Temis, 1987, T. II, pág. 243. Véase, además, R. Uría, Derecho Mercantil, 12ma ed., Madrid, 1982, págs. 369-370.

 Adviértase que nuestro dictamen no aplica a las sociedades de responsabili-dad limitada extranjeras para las cuales el Art. 6 de la Ley de Sociedades de Res-ponsabilidad Limitada dispone las consecuencias de no presentar su acta de inscrip-ción ante el Departamento de Estado. 10 L.P.R.A. sec. 1865.